JAMES HOOVER *v.* B. F. NEIGHBORS.

Where parties to suits in Court agreed in writing to submit to arbitration those suits *and all matters in dispute* between them, and thereupon the arbitrators made an award, and disposed in a particular manner, of the costs in the suits pending : *Held*, that the Judge had no power, upon a return of the award into Court, to alter the award as regards such costs.

MOTION, to alter an award as to certain costs, made before *Tourgee, J.*, at Fall Term 1868, of RANDOLPH Court.

Two suits were pending between the parties in the Courts of Randolph County, when, at February Term 1868 of the County Court, "upon motion and by mutual consent, the matters in dispute were referred" as follows, viz : "Whereas divers suits are pending in the County and Superior Courts of Ran-

dolph County, between" &c., "and divers matters of dispute exist between them, arising from mutual notes and accounts and liabilities. We therefore, agree and bind ourselves to refer all such suits, and all matters in dispute between us, of every description, to the arbitrament and award of," &c., &c.

At Fall Term 1868, the award was returned to Court, to the effect, amongst other things, that Neighbors should pay the costs of one of the suits, and Hoover, those of the other. Upon motion by Hoover, the Court changed the award so as to order that Neighbors should pay the costs of both suits.

Thereupon Neighbors appealed.

*Gorrell*, for the appellant.
*Scott & Scott*, and *Mendenhall*, *contra*.

SETTLE, J. No objection is made to the award, save as to that part which disposes of the costs of the reference.

It is contended that in this particular, the arbitrators exceeded their authority. If the terms of the submission are broad enough to clothe them with power over this question, then they have but discharged their duty. If it be conceded that they had no such power, then the law disposes of the costs by fixed rules : Russell on Arb. 63, Law Lib. 290. The question then arises, did not his Honor exceed his authority, in altering the award and entering a judgment contrary to its terms, and not warranted by law, even if the award had been silent as to costs.

The practice of entering judgments on awards was adopted in cases where the reference was by rule of Court, as a milder manner of enforcing the awards than the process of attachment for contempt. If they are not set aside for some good cause, the practice has always been to follow the awards strictly in entering these *quasi* judgments.

Here, the parties submitted to arbitrament and award all their suits and all matters of dispute between them, of every description. These terms are very broad, but whether they are sufficiently comprehensive to embrace the costs of the reference or not, we need not consider, as our opinion is based upon another ground, to-wit: that his Honor had no discretion in awarding costs. He had nothing to do with the matter, for the reference was not by rule of Court, but by the agreement of the parties; they had selected their own Judges, and if either party was dissatisfied with their award or the manner in which it was being carried out, his remedy was by an action on the submission bond or upon the award, whereby all questions as to the power of the arbitrators and the proper disposition of the costs, could be determined.

There was error. Let this be certified, &c.

PER CURIAM.                              Reversed.